SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
    Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1448
Telephone: 213-620-1780
Facsimile: 213-620-1398

SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
    Including Professional Corporations
MATTHEW M. SONNE, Cal. Bar No. 239110
msonne@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:  714-513-5100
Facsimile:   714-513-5130

Attorneys for Defendant BENIHANA INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNGRYEA SHIN, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>BENIHANA INC., a Delaware corporation,<br><br>          Defendant. | Case No. 10CV1862-AJB(WVG)<br><br>**DEFENDANT BENIHANA INC.'S ANSWER TO COMPLAINT**<br><br>Complaint Filed:  September 7, 2010 |

Defendant Benihana Inc. ("Defendant") hereby answers the Complaint ("Complaint") filed by Plaintiff Jungryea Shin ("Plaintiff") as follows:

1. Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff brings her action pursuant to the Fair Employment and Housing Act. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that Benihana, Inc. was a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Diego, with its current principal place of business located at 8685 Northwest 53rd Terrace, Miami, Florida, 33166. Defendant admits that for purposes of diversity jurisdiction, Benihana may be considered a citizen of

-1-

either Delaware or Florida.  Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.   Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 9 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

10.   Defendant admits that Plaintiff and Defendant are citizens of different states.  The remain allegations of Paragraph 10 consist of legal conclusions to which no response in required.

11.   Defendant admits that it conducts business within the judicial district.  The remaining allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.   Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 12 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

13.   Defendant denies the allegations in Paragraph 13 of the Complaint.

14.   Defendant denies the allegations in Paragraph 14 of the Complaint.

15.   Defendant admits the allegations in Paragraph 15 of the Complaint.

16.   Defendant admits that the Benihana restaurant in Carlsbad was opened in 2004, located at 755 Raintree Drive, Carlsbad, CA.  Defendant admits that Plaintiff "transferred to that location and began working there with the title of associate manager."  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

17.   Defendant denies the allegations in Paragraph 17 of the Complaint.

18.   Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 18 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

19. Defendant admits that Plaintiff "had written a letter dated October 14, 2005 to the Benihana corporate office in Florida." Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

20. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 20 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

21. Defendant admits that Ms. Chin's claims were investigated. Defendant objects to the reference to Mr. Mendoza's "termination" and will not admit or deny that allegation at this time on the basis that to do so may infringe upon protected third party privacy interests. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 21 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

22. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 22 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 24 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

25. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 25 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

26. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 26 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

1     27.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 27 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      28.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 28 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      29.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 29 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      30.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 30 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      31.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 31 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      32.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 32 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

      33.    Defendant admits that "Ms. Shin returned to work on April 6, 2006." Defendant admits that "she requested and was given time off." Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 33 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

      34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

      35.    Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 35 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

-4-

1   36.  Defendant lacks sufficient information or belief to admit or deny the
2  allegations in Paragraph 36 of the Complaint, and basing its denial on this ground,
3  denies each and every allegation thereof.
4   37.  Defendant denies the allegations contained in Paragraph 37 of the
5  Complaint.
6   38.  Defendant admits that the "sales figures for the restaurant did in fact
7  decline," and that Ms. Shin received a letter from an Executive Vice President.
8  Defendant denies the remaining allegations of Paragraph 38 of the Complaint.
9   39.  Defendant admits that "Ms. Shin produced a note from her doctor" and
10 "requested to be demoted to associate manager." Defendant admits that Hisayo
11 Kimura, associate manager, was promoted to manager. Defendant denies the
12 remaining allegations of Paragraph 39 of the Complaint.
13   40.  Defendant admits that Plaintiff requested a change in her position from
14 a manager to an hourly employee, which was granted. Defendant lacks sufficient
15 information or belief to admit or deny the remaining allegations in Paragraph 40 of
16 the Complaint, and basing its denial on this ground, denies each and every
17 remaining allegation thereof.
18   41.  Defendant lacks sufficient information or belief to admit or deny the
19 allegations in Paragraph 41 of the Complaint, and basing its denial on this ground,
20 denies each and every allegation thereof.
21   42.  Defendant admits that in October 2007, Ms. Shin wrote a letter to the
22 corporate office that other employees also signed. Defendant lacks sufficient
23 information or belief to admit or deny the remaining allegations in Paragraph 42 of
24 the Complaint, and basing its denial on this ground, denies each and every
25 remaining allegation thereof.
26   43.  Defendant admits that Ms. Shin's complaints were investigated.
27 Defendant lacks sufficient information or belief to admit or deny the remaining
28

allegations in Paragraph 43 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

44.  Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 44 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

45.  Defendant admits that Ms. Shin requested leave from work from November 1, 2007 to December 11, 2007.  Defendant admits that "during this period, she received a letter from Taka Yoshimoto."  Defendant denies all other allegations contained in Paragraph 45 of the Complaint.

46.   Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 46 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

47.  Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 47 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

48.  Defendant admits that "Ms. Shin returned to work on December 12, 2007."  Defendant admits that Ms. Shin received verbal warnings and "a written warning after the third customer complaint."  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

49.  Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 49 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

50.  Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 50 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

51. Defendant admits that Plaintiff made a complaint to management on September 7, 2008. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in Paragraph 51 of the Complaint, and basing its denial on this ground, denies each and every remaining allegation thereof.

52. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 52 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

53. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 53 of the Complaint, and basing its denial on this ground, denies each and every allegation thereof.

## ANSWER TO FIRST CAUSE OF ACTION

54. Defendant incorporates its prior responses to paragraphs 1 through 53 as though fully set forth herein.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

59. Defendant incorporates its prior responses to Paragraphs 1 through 58 as though fully set forth herein.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

### ANSWER TO THIRD CAUSE OF ACTION

65. Defendant incorporates its prior responses to Paragraphs 1 through 64 as though fully set forth herein.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

### ANSWER TO FOURTH CAUSE OF ACTION

70. Defendant incorporates its prior responses to Paragraphs 1 through 69.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant denies the allegations in Paragraph 72 of the Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

### ANSWER TO FIFTH CAUSE OF ACTION

74. Defendant incorporates its prior responses to Paragraphs 1 through 73.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant denies the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

### ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any form of relief in this action and, based thereon, denies generally and specifically each and every allegation in the Prayer for Relief and subparagraphs "1" through "7" of the Complaint.

Except as otherwise admitted or denied herein, defendant denies each and every allegation contained in paragraphs 1-80 and the prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's Complaint, and each purported cause of action alleged therein, are barred by the applicable statutes of limitation including but not limited to California Code of Civil Procedure §§ 335.1, 337-340 and California Government Code §§ 12960, 12965.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff's Complaint and its causes of action are barred either in whole or in part by Plaintiff's failure to mitigate her alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

Any emotional distress or other damages suffered by Plaintiff are preempted and within the exclusive jurisdiction of the Workers' Compensation Appeals Board by operation of California Labor Code §§3200 et seq.

## FIFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or of alternate concurrent causes, and not the result of the alleged conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Estoppel/Laches/Acquiescence/Consent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, acquiescence and/or consent.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

Plaintiff's Complaint and its causes of action fail to state a claim against Defendant for punitive or exemplary damages.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Extreme or Outrageous Conduct)

Plaintiff's claims for alleged emotional distress are barred to the extent that he has failed to allege facts sufficient to indicate the existence of extreme and outrageous conduct necessary to support such claims.

### NINTH AFFIRMATIVE DEFENSE

### (Excessive Fine)

Any award of punitive damages as sought by Plaintiff would violate the due process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

### TENTH AFFIRMATIVE DEFENSE

### (Misrepresentation)

Plaintiff's Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

Some or all of the purported causes of action in the Complaint are subject to setoff, offset, or recoupment.

## TWELFTH AFFIRMATIVE DEFENSE
### (Privilege/Justification)

Plaintiff's Complaint, and each and every cause of action asserted therein, is barred in whole or in part because Defendant's action were at all times justified, privileged, reasonable, in good faith, without any improper motive, purposes or means, and without any hatred, ill will, malice, or intent to injure.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs lack standing to assert the claims alleged therein.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because in the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant would be barred by the doctrine of after-acquired evidence.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Labor Code Section 2922)

The employment relationship between Plaintiff and Defendant, if any, was governed by California Labor Code Section 2922 and was terminable at-will.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault/Bad Faith)

Plaintiff and other persons and entities other than Defendant have acted in bad faith with respect to the matters alleged in the Complaint and are otherwise at fault. By reason of Plaintiff's bad faith and comparative fault, Plaintiff's right of recovery from Defendant, if any, should be reduced by that amount which the negligence, bad faith and fault of persons and entities other than Defendant, including Plaintiff, contributed to any damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Defense Under *Ellerth* and *Faragher*)

At all times relevant to this action, Defendant had in place policies that prohibited unlawful discrimination, retaliation, and harassment, and procedures for reporting and remedying such complaints. At all times relevant to this action, Plaintiff was aware of the foregoing policies and procedures. Nevertheless, Plaintiff unreasonably failed to take advantage of the foregoing policies and procedures or to avoid harm otherwise. Accordingly, assuming *arguendo* that Plaintiff could somehow prove any unlawful discrimination, retaliation, or harassment by Defendant, which she cannot, Defendant would nonetheless have an affirmative defense to any strict liability imposed for any such action(s) by its manager(s) or supervisor(s) pursuant to Burlington Industries, Inc. v. Ellerth 524 U.S. 742 (1998), Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and its progeny.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (Failure to Exhaust Administrative Remedies)

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to exhaust her administrative remedies with the appropriate state and/or federal agencies before filing the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
## (Appropriate Remedial Action)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent the alleged retaliation, discrimination, and harassment.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Legitimate, Non-Discriminatory Reason)

Plaintiff cannot recover under any cause of action because Defendant has a legitimate, non-discriminatory reason for its actions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (Same Action Regardless of any Alleged Unlawful Conduct)

Plaintiff cannot recover under any cause of action in her Complaint because even if Plaintiff were a member of a protected class and that her protected status was a motivating factor in any adverse employment action alleged in the Complaint, which Defendant denies, Defendant would have taken the same action regardless of any alleged discrimination, harassment, or retaliation.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Employment Relationship)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Defendant was not in an employment relationship with Plaintiff.

### RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action and reserves the right to amend its answer to assert any such defense.

**WHEREFORE, Defendant pray:**

That the Complaint, and each purported cause of action therein, be dismissed with prejudice;

That Plaintiff take nothing thereby;

That Defendant be awarded costs of suit;

That Defendant be awarded attorneys' fees to the extent permitted by law; and

For such other and further relief as the Court may deem just and proper.

Dated: November 11, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Matthew M. Sonne*
           MATTHEW M. SONNE

Attorneys for Defendant BENIHANA INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2011, I electronically filed the foregoing DEFENDANT BENIHANA INC.'S ANSWER TO COMPLAINT with the Clerk of Court using the CM/ECF system and sent notification of such filing to the following via the Court's Electronic Filing System:

Harold M. Hewell, Esq.  ***Attorney for Plaintiff***
Hewell Law Firm
501 West Broadway, Suite 800
San Diego, CA 92101
(619) 235-6854
Fax: (888) 298-0177
Email: hmhewell@hewell-lawfirm.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 11, 2011, at Costa Mesa, California.

<u>/s/ Matthew M. Sonne</u>